IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-CR-30122-MJR |
| | ) | |
| DENNIS SONNENSCHEIN, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER REGARDING RESTITUTION AWARD

REAGAN, District Judge:

The sentence imposed on Dennis Sonnenschein herein included restitution with dual components: (1) Sonnenschein was to pay $1,000,000 and (2) he had to surrender title to certain real estate parcels in Brooklyn, Illinois.  The Court solicited applications from local charitable foundations who would use the funds or property "for the benefit of the greater East St. Louis, Illinois community."  *See* Plea Agreement, Doc. 5, at ¶ 10; 18 U.S.C. § 3663(a).  Many organizations submitted applications.

In August 2003, the Michael Jones Foundation, Inc. (a tax-exempt organization) applied for the real estate parcels and $74,250.12.  The application stated that the Foundation planned to use the property and money to develop a small commercial district in Brooklyn.  The buildings on the property were to be used as a grocery store and retail outlet (for "shoes and clothing").  The Foundation estimated that this development would create 15 new jobs.   The Foundation agreed to Court oversight to ensure that the funds and property were used for their intended purposes.

By Orders dated December 12, 2003, January 28, 2004, February 26, 2004, and April 30, 2004, the Court awarded the Michael Jones Foundation the real estate parcels plus $74,250.12.  *See* Docs. 31, 36, 38, and 43.[1]

The Court specifically directed that the money awarded to the Michael Jones Foundation "shall be used by the Michael Jones Foundation in connection with the real estate, for the purposes stated in the application" (Feb. 26, 2004 Order, Doc. 38, p. 3).

Title to the real estate parcels was transferred to the Michael Jones Foundation in May 2004.[2]  By accepting conveyance of the property, the Foundation agreed to be bound by the terms of the Supplemental Restitution Order (Doc. 38, p. 5).

Through a series of partial payments, the Court paid out $42,651.05 to the Michael Jones Foundation.  Remaining for disbursement to the Foundation is $31,599.07.  Concerns about the use of the restitution proceeds arose in December 2005.  Several Orders and two hearings followed, culminating in a show cause hearing on May 12, 2006.  Attending that hearing were attorneys Jerry Burke and Michael Thompson (on behalf of the Government), Michael Jones (individually), and attorney Michael Katz (on behalf of the Michael Jones Foundation).

For the reasons thoroughly delineated on the record at the May 12 hearing,

---

[1]     $74,250.12 constituted 7.44% of the total $1,000,000 restitution award.

[2]     To date, the Foundation has not recorded the deeds, however, so the record owner of the property remains the United States Marshals Service (to whom Defendant Sonnenschein had conveyed the real estate).

the Court now  **MODIFIES** the prior restitution award/Orders as follows:

A.      By June 6, 2006, the Michael Jones Foundation shall return to the United States  (via attorney Thompson or Burke) the unrecorded deeds to the Brooklyn real estate parcels.

B.      By June 6, 2006, the Michael Jones Foundation shall repay to the Clerk of this Court the total of $28,151.05.   This figure represents the portion of the monetary proceeds already distributed to the Foundation ($41,621.05) *less* the amount the Court finds *was* used for the benefit of the greater East St. Louis community ($14,500.00).

C.      By July 7, 2006, the United States shall e-file a status report addressing issues relating to the real property (including unpaid back taxes), as well as the United States' position on what should be done with this $28,151.05 and the $31,599.07 still held by the Clerk of Court.

This modification of the restitution award in no way constitutes a finding that the Michael Jones Foundation did anything illegal, improper, or unethical with the restitution proceeds.  As the undersigned Judge stated on the record at the May 12th hearing, the Foundation and Michael Jones continue to be shining stars in the effort to improve our community.   The Court hopes that their laudable work continues.

IT IS SO ORDERED.

DATED this 12th day of May, 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge