IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 03-CR-30122-MJR |
| | ) | |
| DENNIS SONNENSCHEIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER SETTING SHOW CAUSE HEARING

REAGAN, District Judge:

As part of the sentence imposed in this case, Defendant Sonnenschein paid $1,000,000 in restitution and surrendered title to certain real estate parcels in Brooklyn, Illinois ("the Property"). After soliciting applications from local charitable foundations who would use the funds or Property "for the benefit of the greater East St. Louis, Illinois community," the Court awarded the Michael Jones Foundation, Inc. (a tax-exempt organization) the Property and $74,250.12. *See* Docs. 31, 36, 38, and 43.[1]

Title to the Property was transferred to the Michael Jones Foundation in May 2004.[2] In accepting conveyance of the property, the Foundation agreed to be bound by the terms of the Supplemental Restitution Order (Doc. 38, p. 5). The Court paid out $42,651.05 of the $74,250.12 awarded to the Michael Jones Foundation.

---

[1]    $74,250.12 constituted 7.44% of the total $1,000,000 restitution award.

[2]    To the Court's knowledge, the Foundation never recorded the deeds. So the record owner of the property remains the United States Marshals Service (to whom Defendant Sonnenschein had conveyed the Property).

By Order dated May 12, 2006, the Court modified its prior restitution award and directed the Michael Jones Foundation – by June 6, 2006 – to (a) return to the United States Attorney's Office the unrecorded deeds to the Property, and (b) repay $28,151.05 of the restitution funds already received (the portion of those proceeds *not* used for the benefit of the greater East St. Louis community).    The Court later extended that deadline to July 7, 2006 (*see* Doc. 110).

The May 12th Order set a deadline for the United States ("the Government") to file a status report.  The Government, too, was given additional time in which to meet its deadline (*see* Doc. 111).

The Government filed its status report on July 14, 2006 (*see* Doc. 112).  But, as of August 10, 2006, the Michael Jones Foundation had neither returned the Property deeds to the United States Attorney's Office nor repaid the $28,151.05 to the Clerk's Office.

By motion, the Government now asks the Court to set a show cause hearing. The Government further asks the Court to require Michael Jones and the Michael Jones Foundation to explain why they "should not be held in contempt for failing to repay the money as directed by the Court, and for failing to turn over the deeds as directed by the Court" (Doc. 113, p. 3).

The Court **GRANTS** the Government's motion (Doc. 113), **DIRECTS** the Michael Jones Foundation to **FILE A WRITTEN RESPONSE** thereto by September 18, 2006, and **SETS A SHOW CAUSE HEARING** at 1:30 p.m. on October 13, 2006.

2

At the October 13th hearing, Michael Jones (individually) and the Michael Jones Foundation **SHALL APPEAR AND SHOW CAUSE** why the Court should not hold either of both of them in civil or criminal contempt for failing to comply with prior Orders of this Court regarding return of the Property and the restitution funds herein.   The Government **SHOULD BE PREPARED** to (a) distinguish whether civil or criminal contempt is sought/appropriate,[3] and (b) adduce evidence establishing the amount of any back taxes and title costs owed by the Foundation.[4]   Michael Jones and the Foundation (as well as the Government) will be afforded the opportunity to call witnesses and present evidence at the hearing.

IT IS SO ORDERED.

DATED this 11th day of August 2006.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge

---

[3]     The law of this Circuit provides that a contempt order is civil, if the sanctions imposed thereunder "are designed primarily to coerce the contemnor into complying with the court's demands."  By contrast, a contempt order is criminal, if the purpose of the sanctions is to punish the contemnor, vindicate the Court's authority, or deter future misconduct. *See In re Grand Jury Proceedings*, 280 F.3d 1103, 1107 (7th Cir. 2002). *Accord* **Federal Trial Handbook – Civil (4th ed. 2006), Section 13.2, p. 182 ("A contempt may either be civil, i.e., failing to do something ordered by the court..., or criminal, i.e., conduct that is directed against the majesty of the law or the dignity and authority of the court....").**

[4]     At the May 2006 hearing in this case, the Court inquired as to the $7930.70 apparently owed in real estate taxes on the Property.  Counsel for the Foundation, Michael B. Katz, offered to look into the matter and, if such taxes were due, to see that the Foundation paid them.

3